# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Jerry Holmes,

    Plaintiff,

v.

City of Atlanta, Georgia, et al.,

    Defendants.

CIVIL ACTION NO.
1:08-cv-03560-JOF-CCH

## **OPINION & ORDER**

This matter is before the court on Defendants' motion for summary judgment [10], the Report and Recommendation of C. Christopher Hagy [31], and Defendants' motion to supplement [33].

Plaintiff filed the present suit on November 18, 2008, claiming violations of the Fair Labor Standards Act (FLSA), the Family and Medical Leave Act (FMLA), and several violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On January 27, 2010, Magistrate Judge C. Christopher Hagy issued a Report and Recommendation recommending that the court grant in part and deny in part Defendants' motion for summary judgment. Neither party filed any objections to the Report and Recommendation. Because no party filed objections, the court must conduct a plain error review of the record, rather than a de

novo review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). In response, to Judge Hagy's recommendations, Defendants did file the present motion to supplement their motion for summary judgment. Previously, certain evidence had been submitted in an inadmissable form which resulted in the Magistrate Judge recommending that summary judgment be denied on certain claims.

Judge Hagy recommended that Defendants' motion for summary judgment be granted with respect to Plaintiff's claim of retaliation under the FLSA against Defendant City of Atlanta (Count Two), Plaintiff's claim of retaliation under the FMLA against Defendant City of Atlanta (asserted as part of Count Three), Plaintiff's claim under 42 U.S.C. § 1983 for violation of his First Amendment right to free speech against Defendant City of Atlanta and Defendant Sizer in his individual and official capacities (Count Four), and Plaintiff's claim under 42 U.S.C. § 1983 for race discrimination in violation of 42 U.S.C. § 1981 and the Equal Protection Clause against Defendant City of Atlanta and Defendant Matlock in his individual and official capacities (Count Five). Neither party filed any objections or motions regarding this portion of Judge Hagy's Report and Recommendation. Having read and considered the Report and Recommendation, the court ADOPTS it as herein MODIFIED and GRANTS Defendants' motion for summary judgment as to these five claims only.

AO 72A
(Rev.8/82)

Judge Hagy also recommended that Defendants' motion for summary judgment be denied with respect to Plaintiff's claim that Defendant City of Atlanta violated the FLSA by failing to pay him appropriate overtime wages (Count One) and to Plaintiff's claim against Defendant City of Atlanta for interference with his rights under the FMLA (asserted as part of Count Three). Plaintiff is an African-American male and Detention Officer for the City of Atlanta Police Department. He is employed by the City's Department of Corrections. Plaintiff claims that he was not paid certain overtime and his hours worked were not properly calculated in violation of the FLSA. Plaintiff also requested leave under the FMLA for the placement of foster children, and he contends he was improperly denied that leave. He later requested leave again under the FMLA as a result of an on-the-job injury and further alleges that his FMLA leave request was intentionally delayed. Plaintiff was never granted FMLA leave for his injury. Instead, Plaintiff was put on modified or light duty and continued to be paid a salary. In February of 2008, Plaintiff claims he was placed on unpaid leave status. Out of this, Plaintiff alleges a claim of interference under the FMLA. Judge Hagy recommended that summary judgment be denied on both claims.

While neither party filed any objections to Judge Hagy's Report and Recommendation regarding these two issues, Defendants filed a motion to supplement addressing those claims. Defendants originally attached various documents as exhibits in support of their motion for summary judgment. However, Judge Hagy did not rely on those

documents because they were not authenticated by any sworn affidavit or deposition testimony, nor were the copies otherwise "sworn or certified" as required by Rule 56(e)(1). In their motion to supplement, Defendants contend that the exhibits were necessary for complete consideration of the legal viability of those two claims, and they now ask leave to file affidavits authenticating said exhibits, as well as ~~file~~ a supplemental summary judgment brief "limited only to the legal arguments for the remaining causes of action."

Judge Hagy recommended that Defendants' motion for summary judgment as to Plaintiff's FLSA claim for failure to pay overtime be denied because "Defendants have . . . failed to establish that no genuine issue of material fact exists regarding whether Plaintiff was covered by the partial exemption provided by 29 U.S.C. § 207(k)." D.E. [31], at 25. The court finds that addressing the legal viability of Plaintiff's remaining FLSA claim now would be the most efficient use of judicial resources. The court will allow Defendants to file a supplemental summary judgment motion as to Plaintiff's remaining claims under the FLSA. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) ("A district court must be able to exercise its managerial power to maintain control over its docket."). The parties should be sure to address both Plaintiff's claim that he was not properly paid overtime and any failure to properly credit him for hours worked. The court DENIES WITH LEAVE TO RENEW Defendant's motion for summary judgment regarding Plaintiff's remaining FLSA claims.

AO 72A
(Rev.8/82)

Judge Hagy also recommended that Defendants' motion for summary judgment as to Plaintiff's interference claim under the FMLA be denied because Plaintiff presented evidence that he was injured and entitled to FMLA leave as well as evidence that Defendants denied him leave for his first request and delayed granting his second request. Judge Hagy found that Plaintiff had presented sufficient evidence to create a genuine issue of fact. It is undisputed that Plaintiff's 2006 request for FMLA leave was denied. Defendants argued that Plaintiff's request was denied because Plaintiff was asked to provide certain documentation, which he failed to do. Plaintiff, however, denied that he failed to provide any documentation, and all documentation he submitted supported his claim. Judge Hagy held that "[b]ecause Plaintiff has presented evidence in the form of his Affidavit that he was entitled to FMLA leave for the placement of a foster child in his home, pursuant to 29 U.S.C. § 2612(a)(1)(B), and it is undisputed that Plaintiff's request for FMLA leave was denied, Plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether Defendants interfered with his rights under the FMLA." As to Plaintiff's second allegation of interference, arising out of his 2006 on-the-job injury, Judge Hagy found that Plaintiff had presented evidence in the form of his Affidavit that he was injured and entitled to FMLA leave and that Defendants denied his request and delayed granting him FMLA leave. While the facts surrounding the FMLA interference claims, including

5

whether Plaintiff properly filed his FMLA request, were highly disputed, Judge Hagy found that Plaintiff did offer enough evidence to present a *prima facie* case of interference.

Defendants assert that they "presented specific evidence to establish Plaintiff's failure to show a *prima facie* FMLA interference claim, however the Magistrate was stopped from considering such evidence because it was unauthenticated." D.E. [33], at 4-5. Plaintiff argues that Judge Hagy acknowledged that there was a remaining factual dispute and allowing Defendants to file a supplemental motion gives the City a "Mulligan." Defendants have failed to explain why the unauthenticated evidence they offered in conjunction with their summary judgment motion would have had any effect on Judge Hagy's recommendation. Judge Hagy clearly considered both the facts put forth by Plaintiff and Defendants' contentions disputing those facts, ultimately finding that Plaintiff presented sufficient evidence to create a genuine issue of fact. Unlike the FLSA claim, Judge Hagy did not base his recommendation regarding the FMLA claim on Defendants' failure to comply with Rule 56. The court will not allow Defendants to file a supplemental motion regarding this claim. The court both DENIES Defendants' motion for summary judgment and DENIES Defendants' motion to supplement as to Plaintiff's FMLA interference claim.

In conclusion, Defendants' motion to supplement is GRANTED IN PART and DENIED IN PART [33]. Defendants may submit a motion for summary judgment regarding only Plaintiff's remaining claims under the FLSA, but that motion may be no longer than ten (10) pages. Defendants must submit said motion within ten (10) days of the date of this order. Plaintiff will then have ten (10) days to submit his brief in opposition to the motion

6

for summary judgment, and that brief shall be no longer than ten (10) pages. Defendants may not file a reply brief. Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART [10]. The Report and Recommendation is ADOPTED as herein MODIFIED.

**IT IS SO ORDERED** this 30th day of March 2010.

                                               /s   J. Owen Forrester
                                                J. OWEN FORRESTER
                                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)